# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>                         Debtors.[1] | 3:17-BK-3283 (LTS)<br><br>PROMESA Title III<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY<br><br>                         Debtor. | 3:17-BK-4780 (LTS)<br><br>PROMESA Title III<br>(Jointly Administered) |
| ISMAEL HERRERO DOMENECH AND ON BEHALF OF ALL RESIDENTIAL CUSTOMERS OF ELECTRIC SERVICE OF LUMA ENERGY LLC OF PUERTO RICO; ("THE CLASS")<br><br>                         Plaintiff. | Adv. Proc. No. _____ in 17 BK 4780-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

|  |  |
|---|---|
| v.<br><br>LUMA ENERGY, LLC; UNDERWRITERS A, B, C, RICHARD DOE y JANE DOE AND UNKNOWN DEFENDANTS<br><br>        Defendants.<br><br>WENDCO OF PUERTO RICO INC.; MULTISYSTEM RESTAURANT INC.; RESTAURANT OPERATORS INC.; APPLE CARIBE INC. ALL FOR THEMSELVES AND ON BEHALF OF ALL MERCHANTS DOING BUSINESS IN THE COMMONWEALTH OF PUERTO RICO AND SUBSCRIBERS OF LUMA ENERGY, LLC (CLASS A); MANUEL COUVERTIÉ BARRERA FOR HIMSELF AND ON BEHALF OF ALL RESIDENTIAL SUBSCRIBERS OF LUMA ENERGY, LLC REFERRED TO AS (CLASS B)<br><br>        Plaintiff.<br>v.<br><br>LUMA ENERGY, LLC; UNDERWRITERS A, B, C, JOHN DOE AND RICHARD DOE<br><br>        Defendants. | Adv. Proc. No. _____ in 17 BK 4780-LTS |

## NOTICE OF REMOVAL

To the Honorable United States District Judge Laura Taylor Swain:

  LUMA Energy, LLC ("LUMA") hereby removes the following consolidated action to the United States District Court for the District of Puerto Rico (the "District Court"), under section 306(d)(1) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") and Federal Rule of Bankruptcy Procedure 9027(a)(3), *Ismael Herrero Domenech et al. v. LUMA Energy, LLC et al. and Wendco of Puerto Rico, Inc. et al v. LUMA Energy, LLC et al.*, Civil Nos. SJ2022CV02868 and SJ2022CV03169, respectively filed in the Commonwealth of Puerto Rico

2

Court of First Instance, San Juan Superior Court (the "Puerto Rico Court") (jointly referred to as the "Putative Class Action") as consolidated by Order entered by the Puerto Rico court on May 17, 2022. In support of this removal action, LUMA respectfully states as follows:

I.      FACTS SUPPORTING REMOVAL

1. The Puerto Rico Electric Power Authority ("PREPA") is a public corporation and an instrumentality of the Government of Puerto Rico created by Act No. 83 of May 2, 1941. On September 30, 2016, the Federal Oversight and Management Board for Puerto Rico ("Oversight Board") designated PREPA as a covered entity subject to oversight under PROMESA.

2. On July 2, 2017, the Oversight Board filed a voluntary petition for relief for PREPA under PROMESA section 304(a), commencing PREPA's Title III restructuring. The Title III case is docketed as Case No. 17-4780 ("PREPA's Title III Case").

3. On June 21, 2018, the Legislative Assembly of Puerto Rico enacted Act 120-2018 ("Act 120"). Act 120 provided for the Puerto Rico Electric Power System Transformation Act, which establishes the legal framework for the sale, disposition, and/or transfer of the assets, operations, functions, and services of PREPA, including a transaction under which operations of the Transmission and Distribution System (the "T&D System") would be assumed by a private manager for a period of time, with ownership remaining at PREPA.

4. On June 22, 2020, the Board of Directors of the Puerto Rico Public-Private Partnerships Authority (the "P3 Authority"), the Puerto Rico Energy Bureau ("PREB"), the PREPA Governing Board, and the Governor of Puerto Rico approved the Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement (the "T&D OMA") among PREPA, LUMA, and the P3 Authority pursuant to the procedures set forth in Act 29. The T&D OMA provides for LUMA to assume operation and management of PREPA's T&D System,

3

while PREPA retains ownership of the T&D assets. LUMA assumed the operation of PREPA's T&D System on June 1, 2021.

5. On April 13, 2022, Plaintiffs filed the case captioned *Ismael Herrero Domenech and the Class Composed by all Residential Electric Energy Consumers, Customers of LUMA Energy LLC of Puerto Rico; ("the Class") v. LUMA Energy, LLC; Underwriters A,B,C, Richard Doe and Jane Doe and Unknown Defendants*, Civil No. SJ2022CV02868, in the Puerto Rico Court (the "First Civil Action"). *See*, **Exhibits 3 and 5**.

6. On April 25, 2022, Plaintiffs filed the case captioned *Wendco of Puerto Rico Inc.; MultiSystem Restaurant Inc.; Restaurant Operators Inc.; Apple Caribe Inc. all for themselves and on behalf of all Merchants doing business in the Commonwealth of Puerto Rico and subscribers of LUMA Energy, LLC (Class A); Manuel Couvertié Barrera for himself and on behalf of all residential subscribers of LUMA Energy, LLC referred to as (Class B) v. LUMA ENERGY, LLC; Underwriters A, B, C; John Doe; Richard Doe*, Civil No. SJ2022CV03139, in the Puerto Rico Court (the "Second Civil Action"). *See*, **Exhibit 13**.

7. On May 17, 2022, the First Civil Action and the Second Civil Action were consolidated as the Putative Class Action and Plaintiffs served LUMA on July 14, 2022. See, **Exhibits 12, 21 and 22**.

8. The Putative Class Action is brought by alleged commercial and residential customers of LUMA and alleges that LUMA's failure to properly maintain and operate certain equipment pursuant to the T&D OMA caused an island-wide blackout on April 6, 2022. In fact, Plaintiffs claim expressly that their damages were caused at least in part by LUMA's alleged "breach of its contractual commitment to replace defective equipment and clear overgrowth of vegetation and provide preventive maintenance of those critical pieces of equipment." *See* Second

4

Civil Action included as **Exhibit 12**, Compl. at ¶ 1.1; *see also* First Civil Action, Compl., included as **Exhibit 5** at § VII(I)(1) (LUMA allegedly breached its contractual obligations, which allegedly "caused (i) unnecessary interruptions in the provision of electric service, and b) failure in providing an adequate and efficient customer service system"). Those "contractual commitment[s]" are found in the T&D OMA. *See generally* T&D OMA, art. 5. Plaintiffs in the Putative Class Action claim total economic losses in excess of $800 million under the Puerto Rico Consumer Class Action Act. *See*, **Exhibits 5 and 12**.

9. At bottom, Plaintiffs' claims are premised upon LUMA's performance of the Operation and Maintenance Services ("O&M Services") and operation of the T&D System pursuant to the T&D OMA. Because the T&D OMA expressly provides that PREPA shall indemnify LUMA for precisely these types of claims, this Putative Class Action necessarily "could affect [] PREPA's rights, liabilities or freedom of action, or otherwise conceivably have an effect on the adjustment of its debts or treatment of the debtor's property in PREPA's Title III case." *See In re Fin. Oversight and Mgt. Bd. for Puerto Rico*, 631 B.R. 607, 610 (D.P.R. 2021) (Swain, J.).

10. Accordingly, this Putative Class Action is "related to" PREPA's bankruptcy proceeding and should be removed to this Court.

## II. BASIS FOR REMOVAL

11. Pursuant to section 306(a)(2) of PROMESA, this Court has original but not exclusive subject-matter jurisdiction over claims or causes of action "related to" cases under PROMESA Title III. PROMESA section 306(a)(2) is analogous to 28 U.S.C. § 1334(b), which confers jurisdiction to the United States District Courts over civil proceedings related to cases under title 11 of the United States Code. In the First Circuit, the "usual articulation of the test for determining whether a civil proceeding is 'related to' bankruptcy is whether the outcome of that

5

proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Voya Institutional Tr. Co. v. Univ. of Puerto Rico*, 266 F. Supp. 3d 590, 598 (D.P.R. 2017). "The statutory grant of 'related to' jurisdiction is quite broad," extending to 'the entire universe of matters connected with bankruptcy estates.'" *In re Boston Regional Med. Ctr., Inc.*, 410 F.3d 100, 105 (1st Cir. 2005) (citation omitted).

12. As recognized by the First Circuit, although the proceeding "need not necessarily be against the debtor or against the debtor's property," if the outcome is one that "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)" and "impact[] . . . the handling and administration of the bankruptcy estate," then the proceeding is related to the bankruptcy. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984); *see also Work/Family Directions, Inc. v. Children's Discovery Ctrs., Inc. (In re Santa Clara Cnty. Child Care Consortium)*, 223 B.R. 40, 45 (B.A.P. 1st Cir. 1998) (citations omitted).

13. The claims in the Putative Class Action are incontrovertibly "related to" PREPA's Title III Case because the allegations clearly involve the operation of PREPA's electric power grid and the T&D System. Since June 1, 2021, LUMA has been in charge of operating PREPA's electric power grid. The Putative Class Action alleges that LUMA "breach[ed] . . . its contractual commitment [under the T&D OMA] to replace defective equipment and clear overgrowth of vegetation, as well as preventative maintenance of those critical pieces of equipment." *See* Second Civil Action, Compl. at ¶ 1.1; *see also* First Civil Action, Compl. at § VI(A)(1). (LUMA allegedly breached its contractual obligations, which allegedly "caused (i) unnecessary interruptions in the provision of electric service, and b) failure in providing an adequate and efficient customer service system"). Plaintiffs further allege that LUMA's breaches caused an electrical outage on April 6,

6

2022, that resulted in more than $500 million in damages. *See* Second Civil Action, Compl. at ¶ 1.1; *see also* First Civil Action, Compl. included as **Exhibit 5** at § IV(6) and VII(A)(1)(a).

14. Under the T&D OMA, PREPA provided a broad indemnity to LUMA. *See* T&D OMA, art. 18. Specifically, PREPA is required to indemnify LUMA for any and all Losses incurred by LUMA on account of, among other things, (1) "claims brought against Operator by a T&D Customer in connection with the T&D System or Operator's performance of the O&M Services"; (2) claims brought against LUMA by a person not party to the T&D OMA "in connection with the T&D System or Operator's performance of the O&M Services for loss of profits or revenues or . . . damages, howsoever or whensoever arising and whether or not caused by the negligence of [LUMA]"; and (3) "claims of any nature related to the T&D System, Owner's operation thereof or any matter in the nature of the services to be provided by, or any other obligations imposed on, Operator hereunder, in each case . . . relating to Legacy Generation Assets, or any fiber optic cable infrastructure or other facilities, equipment and other assets related to telecommunications. . ." *See* T&D OMA § 18.2(a)(vi), (vii) & (iii).

15. As this Court has already held, "related to" jurisdiction exists when the outcome of proceeding "could affect the PREPA's rights, liabilities or freedom of action, or otherwise conceivably have an effect on the adjustment of its debts or treatment of the debtor's property in PREPA's Title III case." *See In re Fin. Oversight and Mgt. Bd. for Puerto Rico*, 631 B.R. at 610. Here, the outcome of the local court proceeding will "have a substantial and direct financial impact upon the reorganization proceeding." *See In re Int'l Home Prod. Inc.* 491 B.R. 607, 622–23 (Bankr. D.P.R. 2013). When the debtor has an "unconditional duty to indemnify," the proceeding "relates to the debtor's bankruptcy because a judgment against the guarantor 'would automatically result in indemnification liability' for the debtor, and 'some part of the estate

7

otherwise owing to existing creditors would be susceptible to being diverted to meet this indemnity obligation.'" *TD Bank, N.A. v. Sewall*, 419 B.R. 103, 106 (D. Me. 2009).

16. Here, PREPA indisputably has an indemnification obligation to LUMA that could result in PREPA being responsible for paying hundreds of millions of dollars in damages, plus LUMA's costs and expenses. Such a financial obligation would certainly "have an effect on the adjustment of [PREPA's] debts or treatment of [its] property" in the Title III case and could materially impact the terms of any plan of reorganization.

17. Venue for removal is proper in this Court because the Puerto Rico Court lies within this District. *See* 48 U.S.C. § 2166(d)(1).

18. Removal of the Putative Class Action is timely under Federal Rule of Bankruptcy Procedure 9027(a)(3).

19. LUMA consents to entry of final orders or judgment by this Court in the Putative Class Action.

20. LUMA will promptly file a true and correct copy of this Notice with the Clerk of the Puerto Rico Court.

21. LUMA will promptly serve a true and correct copy of this Notice of Removal upon counsel to the Plaintiffs, as well as counsel to PREPA and counsel to the Financial Oversight and Management Board, as title III representative of PREPA.

22. Copies of the material process and pleadings in the Putative Class Action are attached. LUMA will shortly file a motion to extend time to file certified translations of the summons, and certified translations of any required documents filed in the Putative Class Action will be filed with this Court in a timely manner.

Dated:  July 29, 2022
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brett Ingerman*
Brett Ingerman *(admitted pro hac vice)*
**DLA PIPER LLP (US)**
The Marbury Building, 6225 Smith Ave.
Baltimore, MD 21209-3600
Tel: (410) 580-4177
Fax: (410) 580-3177
brett.ingerman@us.dlapiper.com


Ana Margarita Rodríguez Rivera
*(local counsel)*
**DLA PIPER (PUERTO RICO) LLC**
PRDC Bar No. 227503
Calle de la Tanca #500, Suite 401
San Juan, PR  00901-1969
Tel: (787) 945-9125
Fax: (939) 697-6085
ana.rodriguezrivera@us.dlapiper.com


Adrián Jiménez-Torres *(local counsel)*
**DLA PIPER (PUERTO RICO) LLC**
PRDC Bar No. 308610
Calle de la Tanca #500, Suite 401
San Juan, PR  00901-1969
Tel: (787) 945-9106
Fax: (939) 697-6141
adrian.jimenez@dlapiper.com


*Counsel for LUMA ENERGY, LLC*

9

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case and by electronic mail on the following: Manuel Fernández Mejías, Esq., manuelgabrielfernandez@gmail.com; Alberto Couvertie Barrera, alcouver@hotmail.com; Ann M. Ashton, aashton@proskauer.com; Ehud Barak, ebarak@proskauer.com; Hermann D. Bauer Alvarez, hermann.bauer@oneillborges.com; Martin J. Bienenstock, mbienenstock@proskauer.com; Katiuska Bolaños, kbolanos@diazvaz.law; David D. Cleary, clearyd@gtlaw.com; Arturo Diaz-Angueira, adiaz@diazvaz.law; Ubaldo M. Fernández Barrera, ubaldo.fernandez@oneillborges.com; Ralph C. Ferrara, rferrara@proskauer.com; Kevin D. Finger, fingerk@gtlaw.com; John Feliciano, jfelicianoacosta@mcguirewoods.com; Carla García Benítez, carla.garcia@oneillborges.com; Shelby S. Guilbert, sguilbert@mcguirewoods.com; Nathan A. Haynes, haynesn@gtlaw.com; Nancy A. Mitchell, nmitchell@omm.com; Michael Kelly Malone, mkmalone@kslaw.com; Paul V. Possinger, ppossinger@proskauer.com; ppossinger@proskauer.com; Jonathan E. Richman, jerichman@proskauer.com; Maja Zerjal, mzerjal@proskauer.com.

*/s/ Ana Margarita Rodríguez Rivera*
Ana Margarita Rodriguez Rivera
**DLA PIPER (PUERTO RICO) LLC**
PRDC Bar No. 227503
Calle de la Tanca #500, Suite 401
San Juan, PR 00901-1969
Tel: (787) 945-9125
Fax: (939) 697-6085
ana.rodriguezrivera@us.dlapiper.com

10